IAN K. BOYD (State Bar No. 191434)
E-Mail:      iboyd@sideman.com
ERICA BRAND PORTNOY (State Bar No. 244923)
E-Mail:      eportnoy@sideman.com
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:  (415) 392-1960
Facsimile:   (415) 392-0827

Attorneys for Plaintiff
YETI COOLERS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YETI COOLERS, LLC, a Delaware limited liability company,<br><br>                Plaintiff,<br><br>        v.<br><br>99 CENTS ONLY STORES LLC, a California limited liability company,<br><br>                Defendant. | Case No.  2:18-cv-4846<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING;**<br>2. **FEDERAL UNFAIR COMPETITION;**<br>3. **COMMON LAW PASSING OFF AND UNFAIR COMPETITION; AND**<br>4. **CALIFORNIA UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff YETI Coolers, LLC ("YETI" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant 99 Cents Only Stores LLC ("99 Cents Only" or "Defendant"), complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this Action to stop Defendant's unlawful and infringing conduct in selling counterfeit, non-genuine "YETI" branded products ("Counterfeit Goods"), the sale of which has caused Plaintiff significant monetary damages and harm to Plaintiff's brand and reputation.

## THE PARTIES

2.     YETI is, and at all times mentioned herein was, a Delaware limited liability company with its principal place of business at 7601 Southwest Parkway, Austin, Texas 78735.

3.     Plaintiff is informed and believes, and thereon alleges, that Defendant 99 Cents Only is, and at all times mentioned herein was, a California limited liability company with its principal place of business at 4000 East Union Pacific Avenue, City of Commerce, California 90023.

4.     Plaintiff is informed and believes that 99 Cents Only engages in the discounted retail sales of consumable and general merchandise with an emphasis on a price point of $0.99 or less, though 99 Cents Only sells many products at a higher price point.

5.     Plaintiff is informed and believes that 99 Cents Only operates more than 350 retail stores in California, Texas, Arizona, and Nevada and operates two distribution centers in California and Texas.

## JURISDICTION AND VENUE

6.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121 because this action arises under the laws of the United States, and because it involves allegations regarding trademark violations.

7.     This Court has supplemental jurisdiction under 28 U.S.C. §§ 1338(b) and 1367 for all claims in this Complaint that are based upon state law because

those claims arise from the same controversy as the claims being made under a federal statute.

8.     This Court has personal jurisdiction over Defendant because the acts complained of arise out of and relate to Defendant's sale of counterfeit YETI products from within the Central District of California.  Further, Defendant sells the Counterfeit Goods to consumers in the Central District of California.  Venue for this action also properly lies in the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district.

## FACTUAL ALLEGATIONS

### A.     YETI'S BUSINESS AND MARKS

9.     YETI was founded in 2006 by brothers and outdoorsmen Roy Seiders and Ryan Seiders, who began the business by designing and building high quality coolers to meet the needs of their outdoor adventures.  YETI became an innovator in its field, developing technologies and inventing new products, growing to become one of the United States' leading manufacturers and developers of outdoor lifestyle products.  YETI is also expanding and investing in new markets worldwide.  For years, YETI has engaged in the development, manufacture, and sale of insulated products, including stainless steel insulated drinkware.

10.     YETI has invested substantial effort and resources to develop and promote public recognition of the "YETI"-related marks.  YETI has built up tremendous goodwill and brand reputation among consumers through its significant investment in advertising, promoting, and delivering products and services of the highest quality under YETI's federally-registered trademarks.  Defendant's infringement and sale of counterfeit goods, as alleged further below, has not only caused monetary damages to YETI, but also undermines, diminishes, and tarnishes YETI's brand, reputation, and goodwill among consumers and members of the trade.

11.     YETI has caused several trademarks to be registered on the Principal Register of the U.S. Patent and Trademark Office in connection with a range of high quality goods including portable coolers and insulated stainless steel drinkware products.  The registered trademarks include, but are not limited to, the following:

| Trademark | Registration Number | Registration Date | Class(es)/Good(s) |
|---|---|---|---|
| YETI | 3,203,869 | Jan. 30, 2007 | IC 21- Portable coolers |
| YETI COLSTER | 4,833,419 | Oct. 13, 2015 | IC 21- Stainless steel drink holders |
| YETI RAMBLER COLSTER | 4,871,725 | Dec. 15, 2015 | IC 21- Stainless steel drink holders |
| COLSTER | 4,883,074 | Jan. 5, 2016 | IC 21- Stainless steel drink holders |
| RAMBLER | 4,998,897 | July 12, 2016 | IC 21 - Jugs |
| RAMBLER | 5,233,441 | June 27, 2017 | IC 21 - Beverageware; cups; drinking glasses; tumblers for use as drinking vessels; jugs; mugs; temperature-retaining drinking vessels; storage containers for household or domestic use, namely, vacuum container for hot or cold food and drink; beer growlers; insulated food and drink containers; stainless steel tumblers for use as drinking vessels; stainless steel drinking glasses; stainless steel beverageware; drinking straws. |

(Collectively, the "YETI Marks"). The YETI Marks were registered to YETI at its principal place of business at the time of each registration in Austin, Texas.

12.    The YETI Marks have been extensively and continuously used in interstate commerce to identify and distinguish YETI's high quality portable coolers, including the insulated stainless steel Rambler® drinkware series, for an extended period of time.  The Rambler® drinkware series includes products such as the Rambler® 10 oz. Lowball, the YETI Colster®, the Rambler® 14 oz. Mug, the Rambler® 20 oz. and 30 oz. Tumblers, the Rambler® 18 oz., 26 oz., 36 oz., and 64 oz. Bottles, and the Rambler® half gallon and one gallon Jugs.  YETI has sold millions of units of Rambler® drinkware products throughout the United States, including sales to customers in the state of California and in this District.  The YETI Marks have been in use by YETI since long before Defendant's promotion and sale of counterfeit products bearing the YETI Marks.

13.    The YETI Marks are symbols of the YETI products' origin, quality, reputation, and goodwill and have never been abandoned.

14.    YETI has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the YETI Marks over the past 12 years such that the relevant consumers exclusively associate the YETI Marks with YETI.

15.    YETI has extensively used, advertised, and promoted the YETI Marks in the United States in association with the sale of its high quality products, including its Rambler® drinkware products.  YETI has spent millions of dollars promoting the YETI Marks and products bearing the YETI Marks in magazines, newspapers, billboards, television ads, on the Internet (including pre-roll, social media, banner ads, page takeovers and the official YETI website, www.yeti.com), and at sponsorship of tradeshows and outdoor sporting events.

16.    As a result of YETI's efforts, members of the consuming public readily identify merchandise bearing the YETI Marks as being high quality merchandise

manufactured and sold by YETI.  Specifically, the design and features of the Rambler® drinkware products have received widespread and unsolicited public attention, and have been featured positively in numerous newspaper, magazine and Internet articles.

17.    The YETI Marks are inherently distinctive and have attained secondary meaning as an identifier of high quality insulated cooler and drinkware products.

18.    YETI has carefully monitored and policed the use of the YETI Marks and the YETI Marks have never been assigned or licensed to the Defendant in this matter.

19.    YETI also owns several copyrights related to its Rambler® drinkware products.  YETI recently filed copyright applications for the exterior product wrap for its Rambler® 18 oz. and 64 oz. Bottles.  A copy of the "YETI RAMBLER 18 oz. Bottle Label" and the "YETI RAMBLER 64 oz. Bottle Label" submitted to the U.S. Copyright Office in December 2017 are shown below in Illustration 1 and 2.[1]

///

///

_____

[1] YETI is in the process of formally registering the copyrighted Bottle Labels infringed by Defendant and will amend the Complaint further to add a claim for copyright infringement once that occurs.

Illustration 1: YETI RAMBLER 18 oz. Bottle Label Submitted to Copyright Office





Illustration 2: YETI RAMBLER 64 oz. Bottle Label Submitted to Copyright Office





20.     YETI is informed and believes, and thereon alleges, that at all times relevant to this action Defendant had full and actual knowledge of YETI's ownership of the YETI Marks, including YETI's exclusive right to use and license such intellectual property and the goodwill associated with the YETI Marks, in

1  addition to the constructive knowledge that Defendant had arising from YETI's

2  federal trademark registrations for the YETI Marks.  Defendant has further been on

3  express notice of YETI's rights since May 1, 2018, when it received a cease-and-

4  desist letter from YETI's counsel.

5       21.  Counterfeit YETI products harm YETI's reputation for quality because

6  these inferior products do not conform with YETI's design, specifications,

7  production standards or quality control.  Counterfeit products that bear markings

8  similar to, or substantially indistinguishable from, the YETI Marks provide

9  customers with a false assurance that the products they have purchased are

10  authorized by Plaintiff and reliably conform with YETI's high standards.

11       **B.**    **99 CENTS ONLY'S INFRINGING ACTIVITIES**

12       22.  Plaintiff is informed and believes, and thereon alleges, that Defendant

13  imported, offered for sale, sold and/or distributed goods, including stainless steel

14  drinkware, that bore markings confusingly similar, if not identical, to the YETI

15  Marks.  Specifically, upon information and belief, Defendant is using the YETI

16  Marks for inferior goods which are not authorized by Plaintiff.  YETI has used the

17  YETI Marks extensively and continuously before Defendant began offering

18  counterfeit and confusingly similar imitations of YETI's merchandise.

19       23.  ***Sale of Counterfeit YETI Products***:  In April 2018, YETI learned that

20  99 Cents Only was offering YETI-branded 18 oz. and 64 oz. bottles for sale in its

21  retail stores in California, and in other states.  99 Cents Only offered the 18 oz.

22  bottle for $5.99 and the 64 oz. bottle for $9.99.  YETI sells the 18 oz. bottle and 64

23  oz. bottle for $29.99 and $49.99, respectively, significantly more than 99 Cents

24  Only was charging for the products.  YETI reasonably suspected that the products

25  offered by Defendant were counterfeit.

26       24.  On about April 29, 2018, YETI arranged for the purchase of an 18 oz.

27  YETI branded bottle from the 99 Cent Only retail store located at 6639 Laurel

28  Canyon Boulevard, North Hollywood, California, 91606.

25.     YETI inspected the product purchased from Defendant's retail location, and determined that the YETI branded 18 oz. bottle was counterfeit and infringing upon the YETI Marks.  The 18 oz. bottle sold by 99 Cents Store was not manufactured by YETI, nor under its authority.  The product bears the "YETI" word mark (U.S. Reg. No. 3,203,869), and the "RAMBLER" word mark (U.S. Reg. No. 5,233,441).  The use of these registered trademarks is without YETI's permission or authority.

26.     On about April 29, 2018, YETI arranged for the purchase of an 18 oz. YETI branded bottle from the 99 Cents Only retail store located at 6755 Van Nuys Boulevard, Van Nuys, California 91405.

27.     YETI inspected the product, and determined that the YETI branded 18 oz. bottle was counterfeit and infringing upon the YETI Registered Marks.  The 18 oz. bottle sold by 99 Cents Only was not manufactured by YETI, nor under its authority.  The product bears the "YETI" word mark (U.S. Reg. No. 3,203,869), and the "RAMBLER" word mark (U.S. Reg. No. 5,233,441).  The use of these marks was without YETI's permission or authority.

28.     Exemplary images of the infringing bottle products and exemplary images of YETI's legitimate bottle products are show below in Illustrations 3 and 4:

///

///

| Illustration 3: Exemplary Images of 99 Cents Only's Infringing (Counterfeit) 18 oz. Bottle | Illustration 4: Exemplary Images of authentic YETI® 18 oz. Rambler® Bottle |
|---|---|
|  |  |




## C.    CONSUMER CONFUSION CAUSED BY 99 CENTS ONLY

29.    Upon information and belief, Defendant's Counterfeit Goods are of a quality substantially and materially inferior to that of YETI's genuine goods. Defendant, upon information and belief, is actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by YETI, despite Defendant's knowledge that it does not have authority to use the YETI Marks.  As a result of 99

1  Cents Only's activities related to the Counterfeit Goods, there is a likelihood of

2  confusion between 99 Cents Only and its Counterfeit Goods on the one hand, and

3  YETI and its genuine products on the other hand.

4        30.    99 Cents Only advertised its Counterfeit Goods for sale to the

5  consuming public, including at minimum via Defendant's own website,

6  www.99only.com, and on various social media sites including Instagram, Twitter

7  and Facebook.  In so advertising these goods, Defendant improperly and unlawfully

8  used one or more of the YETI Marks in association with the Counterfeit Goods

9  without YETI's permission.  An example is 99 Cents Only's April 20, 2018 post on

10  its official Twitter page (@99only), stating (falsely) that the product is authentic,

11  "This is real. Pinky swear!" is shown below in Illustration 5.  The same post also

12  appeared on 99 Cents Only's Instagram page and its own website.

13  Illustration 5: April 20, 2018 Twitter post by @99only

14

15

16

17

18

19

20

21

22

23

24

25

26        31.    YETI is informed and believes, and thereon alleges, that Defendant

27  sought to increase its sales by intentionally and willfully causing consumers to

28  believe that the YETI products it offered for sale were somehow associated with,

affiliated with, or authorized by, YETI, when they are not and when the products themselves are counterfeit.

32.    Not only are consumers *likely* to be confused by Defendant's use of the YETI Marks, images, and false advertising, but they have *actually* been confused. Even without the benefit yet of discovery, YETI has found evidence of *actual* consumer confusion and brand/reputational harm to YETI from consumers who have recently complained about the products sold by Defendant.

33.    The harm to YETI's brand and goodwill caused by Defendant's conduct is ongoing, as the negative reviews continue to mount, and confirm the confusion and disappointment caused to consumers due to the inferior quality of the Counterfeit Goods sold by Defendant.  The following reviews were posted on 99 Cents Only's Instagram site alongside a photograph of counterfeit YETI-branded 18 oz. bottles:

    a.    One customer "subiwooo" wrote: "I think these are counterfeit. Bought 6 thinking I scored, but then compared it to the real thing at home.  One giveaway of it being fake is a misspelling on packaging (reverse side of outside label).  "5 yeats" instead of "5 years" lol.  Lid plastic also looks crappier."

    b.    That same customer further commented: "@yeti are these authentic or counterfeit? The model# from @99centsonly says 1816282302 instead of 1916282302 on the bottom."

    c.    Another customer "chiquita_banana" commented: "@subiwoo or maybe they're selling them because they made thousands with a typo. like when they sell irregulars."

    d.    One customer "mrs.marilyngries" wrote: "@subiwooo Maybe it was just a mess up in their production ...lots of companies will wholesale things like that with slight defects."

34.    Accordingly, Defendant's use of the YETI Marks is not only likely to cause consumer confusion, it has caused actual confusion or mistake, and deceived

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  consumers into believing there is an affiliation, connection, or association between

2  YETI and Defendant, and has confused members of the public as to the origin,

3  sponsorship, authorization, and/or approval by YETI of Defendant's "YETI"

4  branded product sales.  YETI expects discovery to reveal further evidence of such

5  actual confusion.  In addition to monetary damages to Plaintiff, Defendant's

6  unlawful actions have caused irreparable harm to Plaintiff's brand and reputation, as

7  to which there is no adequate remedy at law.

8       35.    Prior to this lawsuit, YETI sent Defendant a May 1, 2018 cease and

9  desist letter and requested, *inter alia*, that Defendant consolidate all of the

10  counterfeit YETI bottles to one centralized location and allow YETI to inspect its

11  remaining inventory to ensure that Defendant does not sell any more Counterfeit

12  Goods.  Defendant rejected this request and to date has refused to provide YETI any

13  further information regarding the Counterfeit Goods.

## PLAINTIFF'S CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Federal Trademark Counterfeiting and Infringement; 15 U.S.C. § 1114

17       36.    YETI incorporates the preceding paragraphs of this Complaint as if

18  fully set forth herein.

19       37.    The YETI Marks are valid, protectable trademarks that have been

20  registered as marks on the principal register in the United States Patent and

21  Trademark Office.

22       38.    As described in more detail above, Defendant has used and sold

23  counterfeit goods bearing the YETI Marks in connection with the marketing,

24  promotion, and sale of their goods and services without YETI's consent, in a

25  manner that is likely to cause, and has actually caused, confusion and/or mistake, or

26  that has deceived members of the consuming public and/or the trade.  Defendant's

27  promotion and sale of counterfeit goods, and infringing activities, are likely to cause

28  and are actually causing confusion, mistake, and deception among members of the

1  trade and the general consuming public as to the origin, sponsorship, and quality of

2  Defendant's infringing products, counterfeit packaging, and other related

3  commercial activities.

4      39.     Defendant's infringement of the YETI Marks is willful, as evidenced

5  by the price point by which Defendant is offering the Counterfeit Goods.

6      40.     YETI has been, and continues to be, damaged by Defendant's

7  infringement, including by suffering irreparable harm through the diminution of

8  trust and goodwill among YETI consumers and members of the general consuming

9  public and the trade.

10     41.     As a result of Defendant's infringement of the YETI Marks, YETI is

11 entitled to an injunction, as set forth below, and an Order of destruction of all of

12 Defendant's infringing and counterfeit materials under Defendant's possession,

13 custody and/or control.

14     42.     YETI is also entitled to all monetary relief and other remedies available

15 under the Lanham Act, including but not limited to treble damages and/or actual

16 profits, reasonable attorneys' fees, costs, and prejudgment interest, and/or statutory

17 damages.

18                **SECOND CLAIM FOR RELIEF**

19        **Federal Unfair Competition; 15 U.S.C. § 1125**

20     43.     YETI incorporates the preceding paragraphs of this Complaint as if

21 fully set forth herein.

22     44.     The YETI Marks are valid, protectable trademarks that have been

23 registered as marks on the principal register in the United States Patent and

24 Trademark Office.

25     45.     YETI is the owner and registrant of the YETI Marks.

26     46.     YETI operates under and uses the YETI Marks in connection with its

27 products.

28

47.     Defendant has made commercial use of and sold counterfeit products bearing the YETI Marks and YETI's trade name, without authorization from YETI.

48.     Defendant's counterfeiting and infringing activities, and related false descriptions and representations as to the origin and quality of their product sales, are likely to cause, and are actually causing, confusion, mistake, and/or deception among members of the consuming public and members of the trade.  These members of the consuming public and members of the trade have been, and will continue to be, misled into believing that there is an affiliation, connection, or association between Plaintiff and Defendant, and/or have been, or will be, misled as to the origin, sponsorship, or approval of Defendant's inferior non-genuine YETI-branded drinkware products.

49.     YETI has not consented to Defendant's use of the YETI Marks or YETI trade name.

50.     Defendant's unauthorized use of the YETI Marks and YETI trade name is willful and has caused damage to YETI, causing this matter to be an exceptional case under 15 USC § 1117(a).

51.     Defendant's acts constitute false statements in connection with products and/or services distributed in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52.     As evidenced by the actual confusion to date, Defendant's acts have caused and are continuing to cause irreparable injury to Plaintiff's brand, goodwill, and reputation.

53.     Plaintiff is entitled to monetary relief and all other remedies available under the Lanham Act, including but not limited to treble damages and/or actual profits, reasonable attorneys' fees, costs and prejudgment interest, and/or statutory damages.

54.     An award of monetary damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### Common Law Passing Off and Unfair Competition

55.     YETI incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

56.     The unauthorized use of the YETI Marks by Defendant constitutes passing off and unfair competition of the YETI Marks in violation of the common law of California, resulting in monetary loss to YETI (including but not limited to YETI's lost profits).

57.     Such wrongful acts have caused and will continue to cause Plaintiff damages and irreparable harm.  Plaintiff has no adequate remedy at law.

58.     Plaintiff is entitled to a judgment enjoining and restraining Defendant from engaging in further acts of infringement and unfair competition.

### FOURTH CLAIM FOR RELIEF

### California Unfair Competition; Cal. Bus. Prof. Code §§ 17200, *et seq.*

59.      YETI incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

60.     Defendant has engaged in unlawful and unfair business acts or practices, as defined by Cal. Bus. Prof. Code §§ 17200, *et seq.*, by committing the illegal acts and practices as alleged herein, all in an effort to gain an unfair competitive advantage over YETI.

61.     Defendant's misconduct is unlawful because, as described herein, its misconduct constitutes violations of numerous state and federal statutes, including but not limited to Cal. Civ. Code Section 1797.81, state false advertising laws such as Cal. Bus. Prof. Code § 17500, as well as the Lanham Act, 15 U.S.C. §§ 1114 and 1125.  Further, its misconduct is unfair in that Defendant's actions, as described herein, significantly threaten and/or harm competition by selling inferior counterfeit insulated drinkware products to undercut the legal market for genuine and

1  authorized YETI drinkware products, all while harming YETI's reputation in the
2  marketplace.

3      62.     These unlawful and unfair business acts and/or practices were
4  committed pursuant to Defendant's business marketing, promotional, and sales
5  efforts in relation to the YETI Marks.

6      63.     As a direct and proximate result of Defendant's unlawful and unfair
7  business practices, Plaintiff lost money and property, and suffered irreparable injury
8  to the YETI brand, business reputation, and goodwill.  As such, Plaintiff's remedy at
9  law is not adequate to compensate for the injuries inflicted by Defendant.
10 Accordingly, Plaintiff is entitled to temporary, preliminary, and permanent
11 injunctive relief against Defendant, in addition to restitution in an amount to be
12 proven at trial.

13                       **PRAYER FOR RELIEF**

14      **WHEREFORE,** Plaintiff respectfully prays that the Court enter judgment as
15 follows:

16      1.     That Defendant infringed the YETI Marks, engaged in trademark
17 infringement and counterfeiting, and engaged in unfair competition through its use,
18 promotion and sale of counterfeit goods bearing the YETI Marks;

19      2.     That Defendant's trademark infringement, counterfeiting, and unfair
20 competition were knowing and willful and committed with bad faith and intent to
21 deceive and that this case is exceptional under 15 U.S.C. § 1117(a);

22      3.     That the Court enter an Order enjoining and restraining Defendant and
23 all persons or entities acting as agents of or in concert with Defendant, during the
24 pendency of this action and thereafter perpetually, from infringing or counterfeiting,
25 the YETI Marks in any way, including but not limited to the sale of counterfeit
26 "YETI" branded products in Defendant's inventory;

27      4.     That the Court enter an Order impounding and delivering to YETI for
28 ultimate destruction any infringing and/or counterfeit "YETI" branded products,

1  packaging, accessories, or other collateral in Defendant's possession, custody, or

2  control;

3      5.      That the Court enter an Order directing Defendant to send a Plaintiff-

4  approved notice to any customer who purchased any infringing or counterfeit

5  "YETI" branded product from Defendant, informing the customer that the sale of

6  the product violated Federal trademark and counterfeiting laws, and that Defendant

7  will refund the money paid by the consumer immediately upon request and return of

8  the product, with any such product returns going directly to Plaintiff or their counsel

9  for ultimate destruction at Defendant's expense;

10     6.      That the Court enter an Order requiring Defendant to account to and

11  pay Plaintiff for all profits and damages resulting from Defendant's infringement,

12  counterfeiting activities and unfair competition;

13     7.      That Plaintiff be awarded statutory damages to the fullest extent

14  available under the law, including but not limited to pursuant to Section 15 U.S.C. §

15  1117(c);

16     8.      That Plaintiff be awarded prejudgment interest;

17     9.      That Plaintiff be awarded reasonable attorneys' fees to the fullest extent

18  available under the law;

19     10.     That Plaintiff be awarded treble damages to the fullest extent available

20  under the law, including but not limited to pursuant to Section 15 U.S.C. § 1117(b);

21     11.     That Plaintiff be awarded full restitution;

22     12.     That Plaintiff be awarded costs of prosecuting this claim;

23     13.     That Plaintiff be awarded further injunctive and provisional remedies,

24  as appropriate; and

25

26

27

28

1   14.   That Plaintiff be granted such further relief as the Court deems just and

2   proper.

3   15.

4   DATED: May 31, 2018                    Respectfully submitted,

5                                          SIDEMAN & BANCROFT LLP

6

7                                          By: _____/s/ Ian K. Boyd_____

8                                             Ian K. Boyd
                                              Attorneys for Plaintiff
9                                             YETI COOLERS, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## <u>JURY DEMAND</u>

Plaintiff YETI COOLERS, LLC  hereby demands a trial by a jury on all issues herein so triable.

DATED: May 31, 2018                    SIDEMAN & BANCROFT LLP


                                       By:      /s/ Ian K. Boyd
                                            Ian K. Boyd
                                            Attorneys for Plaintiff
                                            YETI COOLERS, LLC

6070-23\3315035