Boris Zelkind (SBN 214,014)
boris.zelkind@knobbe.com
Loni L. Morrow (SBN 287,693)
loni.morrow@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000
Facsimile: (858) 707-4001

Attorneys for Defendant
99 CENTS ONLY STORES LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YETI COOLERS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>99 CENTS ONLY STORES LLC, a California limited liability company,<br><br>Defendant. | Case No. 2:18-cv-4846<br><br>**99 CENTS ONLY STORES LLC'S ANSWER TO COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Fed. R. Civ. P. 8, 13, and 38, Defendant 99 Cents Only Stores LLC ("Defendant" or "99") hereby responds to the Complaint of Plaintiff Yeti Coolers, LLC ("Plaintiff").

## INTRODUCTION

1. Defendant denies the allegations of Paragraph 1 of the Complaint.

## THE PARTIES

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies the same.

3. Defendant admits the Defendant is a California Limited Liability Company with its principal place of business at 4000 East Union Pacific Avenue, City of Commerce, California 90023, and denies the remaining allegations of Paragraph 3 of the Complaint.

4. Defendant admits that Defendant engages in retail sales of consumables and general merchandise with an emphasis on a price point of $0.99 and that it sells products at higher prices. Defendant denies the remaining allegations of Paragraph 4 of the Complaint.

5. Defendant admits that 99 operates nearly 400 retail stores in California, Texas, Arizona, and Nevada and has four distribution centers in California and Texas.

## JURISDICTION AND VENUE

6. Defendant admits that this Court has subject matter jurisdiction over this action.

7. Defendant admits that this Court has supplemental jurisdiction over state law claims involved in this action.

8. Defendant admits that this Court has personal jurisdiction over Defendant and that venue is proper in this judicial district. Defendant denies the remaining allegations of Paragraph 8 of the Complaint.

# FACTUAL ALLEGATIONS

## A. YETI'S BUSINESS AND MARKS

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and therefore denies the same.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and therefore denies the same.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and therefore denies the same.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and therefore denies the same.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and therefore denies the same.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and therefore denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and therefore denies the same.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and therefore denies the same.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and

therefore denies the same.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and therefore denies the same.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and therefore denies the same.

20. Defendant admits that it received a cease-and-desist letter from YETI's counsel dated May 1, 2018. Defendant denies the remaining allegations of Paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, and therefore denies the same.

**B.    99 CENTS ONLY'S INFRINGING ACTIVITIES**

22. Defendant admits that it purchased, imported, offered for sale, sold and/or distributed stainless steel drinkware that it believes to be authentic YETI merchandise, bearing YETI's trademarks. Defendant denies the remaining allegations of Paragraph 22 of the Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, and therefore denies the same.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint, and therefore denies the same.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, and therefore denies the same.

26. Defendant lacks knowledge or information sufficient to form a

1  belief as to the truth of the allegations of Paragraph 26 of the Complaint, and therefore denies the same.

27.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint, and therefore denies the same.

28.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint, and therefore denies the same.

### C.  CONSUMER CONFUSION CAUSED BY 99 CENTS ONLY

29.  Defendant denies the allegations of Paragraph 29 of the Complaint.

30.  Defendant admits that the image in Paragraph 30 appears to be a Twitter post showing the YETI merchandise that was being sold by Defendant. Defendant denies the remaining allegations of Paragraph 30 of the Complaint.

31.  Defendant denies the allegations of Paragraph 31 of the Complaint.

32.  Defendant denies the allegations of Paragraph 32 of the Complaint.

33.  Defendant denies the allegations of Paragraph 33 of the Complaint.

34.  Defendant denies the allegations of Paragraph 34 of the Complaint.

35.  Defendant admits that it received a cease-and-desist letter from YETI's counsel dated May 1, 2018. Defendant denies the remaining allegations of Paragraph 35 of the Complaint.

### PLAINTIFF'S CLAIM FOR RELIEF
### FIRST CLAIM FOR RELIEF
**Federal Trademark Counterfeiting and Infringement; 15 U.S.C. § 1114**

36.  Defendant repeats and realleges its responses to the allegations in Paragraphs 1-35 of the Complaint as though fully set forth herein.

37.  Defendant denies the allegations of Paragraph 37 of the Complaint.

38.  Defendant denies the allegations of Paragraph 38 of the Complaint.

39.  Defendant denies the allegations of Paragraph 39 of the Complaint.

| | | |
|---|---|---|
| 1 | 40. | Defendant denies the allegations of Paragraph 40 of the Complaint. |
| 2 | 41. | Defendant denies the allegations of Paragraph 41 of the Complaint. |
| 3 | 42. | Defendant denies the allegations of Paragraph 42 of the Complaint. |

## SECOND CLAIM FOR RELIEF

### Federal Unfair Competition; 15 U.S.C. § 1125

43. Defendant repeats and realleges its responses to the allegations in Paragraphs 1-42 of the Complaint as though fully set forth herein.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Complaint.

50. Defendant denies the allegations of Paragraph 50 of the Complaint.

51. Defendant denies the allegations of Paragraph 51 of the Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

## THIRD CLAIM FOR RELIEF

### Common Law Passing Off and Unfair Competition

55. Defendant repeats and realleges its responses to the allegations in Paragraphs 1-54 of the Complaint as though fully set forth herein.

56. Defendant denies the allegations of Paragraph 56 of the Complaint.

57. Defendant denies the allegations of Paragraph 57 of the Complaint.

58. Defendant denies the allegations of Paragraph 58 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### California Unfair Competition; Cal. Bus. Prof. Code §§ 17200, *et seq.*

59. Defendant repeats and realleges its responses to the allegations in

Paragraphs 1-58 of the Complaint as though fully set forth herein.

60. Defendant denies the allegations of Paragraph 60 of the Complaint.

61. Defendant denies the allegations of Paragraph 61 of the Complaint.

62. Defendant denies the allegations of Paragraph 62 of the Complaint.

63. Defendant denies the allegations of Paragraph 63 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

To the extent that a response to Plaintiff's prayer for relief is required, Defendant denies that Plaintiff is entitled to any relief or judgment against Defendant. Defendant respectfully requests the Court deny the same.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Defendant asserts the following defenses. Defendant reserves the right to amend and supplement its Answer as further information becomes available.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

64. Plaintiff's claims for relief fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (No Infringement/Fair Use)

65. Plaintiff's claims for relief fail because the product at issue sold by 99 is an authentic YETI product manufactured at an authorized YETI factory. An identical product was also sold by an authorized YETI retailer. All use of the term YETI by 99 has been to fairly and accurately describe the authentic YETI products.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

66. Plaintiff is aware that the YETI products sold by 99 are authentic YETI products and, thus, Plaintiff comes to this Court with unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (First Sale Doctrine)

67. Plaintiff's claims for relief are barred by the first sale doctrine because the product at issue was sold by an authorized YETI factory before being purchased by 99.

## FIFTH AFFIRMATIVE DEFENSE
### (License or Otherwise Authorized Use)

68. Plaintiff's claims for relief are barred to the extent the allegedly unlawful or infringing use of the products at issue was licensed or otherwise authorized by persons or entities with the right to license or authorize use.

## SIXTH AFFIRMATIVE DEFENSE
### (Innocent Infringer/Innocent Violator)

69. If Defendant infringed or violated any rights of Plaintiff under the California Business & Professions Code, which it expressly denies, then Defendant is an innocent infringer or innocent violator within the meaning of Business & Professions Code § 17200, *et seq.*, and Plaintiff is entitled at most to injunctive relief.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Damages)

70. Plaintiff's claims fail in whole or in part to the extent Plaintiff has suffered no damages.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor, including the following:

A. That all claims against Defendant be dismissed with prejudice and that all relief requested by Plaintiff be denied.

B. That Defendant be awarded attorney's fees incurred herein pursuant to 15 U.S.C. § 1117(a);

C. That Defendant be awarded costs of suit incurred herein, plus interest;

D. That Defendant be awarded such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 2, 2018        By: */s/ Boris Zelkind*
        Boris Zelkind
        Loni L. Morrow

        Attorneys for Defendant,
        99 CENTS ONLY STORES LLC

# DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant 99 Cents Only Stores LLC hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 2, 2018      By: */s/ Boris Zelkind*
　　　　　　　　　　　　　　Boris Zelkind
　　　　　　　　　　　　　　Loni L. Morrow

Attorneys for Defendant,
99 CENTS ONLY STORES LLC