1  Jason De Bretteville (State Bar No. 195069)
2  jdebretteville@sycr.com
   Stradling Yocca Carlson & Rauth, P.C.
3  600 Newport Center Drive, Suite 1600
4  Newport Beach, CA 92660
   Telephone: (949) 725-4094
5  Facsimile: (949) 823-5094
6
7  Joseph J. Berghammer (*pro hac vice*)
   jberghammer@bannerwitcoff.com
8  Illinois Bar No. 6273690
   J. Pieter van Es (State Bar No. 250524)
9  pvanes@bannerwitcoff.com
10 Kimberly S. Devine (*pro hac vice*)
   kdevine@bannerwitcoff.com
11 Illinois Bar No. 6323813
12 Banner & Witcoff, Ltd.
   Ten South Wacker Drive, Suite 3000
13 Chicago, IL 60606-7407
14 Telephone: (312) 463-5000
   Facsimile: (312) 463-5001
15
16 Attorneys for Plaintiff
17 YETI COOLERS, LLC

18 Boris Zelkind (SBN 214,014)
19 boris.zelkind@knobbe.com
   Loni L. Morrow (SBN 287,693)
20 loni.morrow@knobbe.com
21 KNOBBE, MARTENS, OLSON & BEAR, LLP
   12790 El Camino Real
22 San Diego, CA 92130
23 Telephone: (858) 707-4000
   Facsimile: (858) 707-4001
24
25 Attorneys for Defendant
   99 CENTS ONLY STORES LLC
26
27           [CASE CAPTION ON FOLLOWING PAGE]
28

---

CASE NO.: 2:18-CV-04846-RGK-JPR

1

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YETI Coolers, LLC, a Delaware limited liability company**,<br><br>       Plaintiff,<br><br>       v.<br><br>**99 Cents Only Stores LLC, a California limited liability company**<br><br>Defendant. | Case No. 2:18-CV-04846-RGK-JPR<br><br>Joint Rule 26(f) Report, ADR Selection, and Proposed Scheduling Order<br><br>Jury Trial Demanded |

# JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1, Plaintiff, YETI Coolers, LLC ("YETI"), and Defendant, 99 Cents Only Stores LLC ("99"), jointly submit this report.

**1.    Rule 26(f) Conference**

The Parties conferred on August 2, 2018 and thereafter as required by Fed. R. Civ. P. 26(f) and Local Rule 26-1. YETI was represented by its counsel, Pieter van Es and Kimberly Devine. 99 was represented by its counsel, Boris Zelkind.

**2.    Nature and Basis of Claims and Defenses**

a. YETI's Position

For years, YETI has engaged in the development, manufacture, and sale of insulated products, including insulated drinkware. YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware. YETI has extensively and continuously promoted and used these designs for years in the United States. YETI has also invested substantial effort and resources to develop and promote public recognition of its "YETI" and "RAMBLER" related marks. Through extensive and continuous promotion and use, YETI's designs and marks have become well-known indicators of the origin and quality of YETI's insulated drinkware products. YETI owns various rights relating to its insulated drinkware designs, including, relevant to this lawsuit, trademark rights in "YETI," "YETI COLSTER," "YETI RAMBLER COLSTER," and "RAMBLER."

99 is advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing counterfeit products, i.e., products that look like YETI's products, and that use YETI's trademarks, but that are not made or authorized by YETI. 99's counterfeit products include its YETI-branded 18 oz. and 64 oz. bottles. YETI has alleged claims for trademark infringement and counterfeiting, federal unfair competition, common law passing off and unfair competition, and California unfair competition.

     b. <u>99's Position</u>

Founded in 1982, 99 is the leading operator of extreme value stores, currently operating 388 stores located in California, Arizona, Nevada and Texas. 99 offers a broad assortment of name brand and other attractively priced merchandise, compelling seasonal product offerings, and fresh products.

99 takes great pride in offering high quality name-brand and other merchandise to its loyal customers at outstanding value. 99 does not deal in knock off goods or counterfeit items. That is antithetical to the company's business model and corporate values. 99 values intellectual property, owns dozens of U.S. and foreign trademark registrations and respects the intellectual property of others.

Earlier this year, 99 was presented with an opportunity to purchase genuine YETI brand 18 oz. and 64 oz. Rambler bottles made at an authorized YETI factory in China. The products appeared to have proper certification and 99 purchased the genuine YETI products for resale in the United States. 99 sold the YETI products in its stores in California, Arizona, and Nevada. When YETI raised concerns about the authenticity of the YETI products, 99 immediately cooperated and launched a formal investigation into the nature of the YETI products it had purchased. YETI aggressively insisted that the products were counterfeit, including notifying the California Department of Justice about its allegations against 99. In an abundance of caution, 99 removed the accused YETI products from its store shelves and ceased sales of YETI products during the pendency of its internal investigation. In the course of its investigation, 99 located the same accused products being sold at Dick's Sporting Goods, an authorized retailer of YETI products. This fact provides further support that the YETI Rambler bottles that 99 had purchased were indeed genuine.

**3. Possibility of Settlement**

The Parties have been discussing settlement and remain open to continuing those discussions.

4. **Rule 26(f) Discovery Plan**

The Parties conferred and agreed on the matters listed in Rule 26(f) as set forth below.

    a. Rule 26(f)(3)(A) – Initial Disclosures.  The Parties do not request changes in the form or requirement for disclosures under Rule 26(a)(1)(A).  The Parties have agreed to exchange initial disclosures by August 31, 2018.

    b. Rule 26(f)(3)(B) – Subjects and Timing of Discovery.  The Parties anticipate discovery on all matters relevant to their pending claims and defenses, including, but not limited to, liability and damages.  A proposed schedule is attached as Exhibit A.

    c. Rule 26(f)(3)(C) – Electronically Stored Information.  The Parties are discussing terms and conditions for the preservation and production of documents and electronically stored information ("ESI") and the scope of electronic discovery.  YETI intends to provide 99 with a proposed production agreement. The Parties anticipate finalizing a joint ESI stipulation without Court intervention, but will seek the Court's assistance if they cannot reach an agreement regarding the terms of an ESI stipulation.

    d. Rule 26(f)(3)(D) – Confidentiality and Privilege Issues.

        i. Given the nature of the Parties' claims and defenses, the Parties anticipate confidential information will be exchanged in this case.  The Parties are therefore discussing a Protective Order that will be submitted to the Court for consideration.  The Parties agree that the proposed Protective Order will include a section addressing the procedure for asserting claims of privilege and work product protection after production.  YETI will send a proposed Protective Order to 99.  The Parties are hopeful that they will be able to reach agreement on the terms of a Protective Order, and will seek the Court's assistance if they cannot reach agreement.

      ii. The Parties agree that any materials protected from discovery by the attorney-client privilege or the work product doctrine and created on or after May 31, 2018, for the purposes of this litigation, and that were exchanged only between 99 and its attorneys, or only between YETI and its attorneys, do not need to be identified on the parties' respective logs of withheld documents under Rule 26(b)(5).

  e. <u>Rule 26(f)(3)(E) – Discovery Limitations</u>.  The Parties do not presently believe any changes should be made to the limitations on discovery beyond those imposed under the Federal Rules of Civil Procedure and the Local Rules, including, for example, Federal Rules of Civil Procedure 26, 33, 34, and 36.  The parties agree that the limitations on the number of depositions set forth in Federal Rules of Civil Procedure 30 and 31 apply to the number of fact witness depositions and do not limit the number of expert witness depositions. The parties also agree that a 30(b)(6) deposition counts as one deposition, regardless of the number of 30(b)(6) representatives designated by the designating party to testify on the 30(b)(6) topics. The parties also agree to identify their respective 30(b)(6) witnesses and the 30(b)(6) topics on which they are designated at least five business days before the date of the deposition.

  f. <u>Rule 26(f)(3)(F) – Other Orders</u>.  At this time, the Parties have not requested any orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c), but will be requesting a Protective Order, as discussed above.

**5. <u>Local Rule 26-1 Topics</u>**

  a. <u>L.R. 26-1(a) – Complex Cases.</u> The parties do not consider this to be a "complex" case requiring application of the Manual for Complex Litigation.

    b. <u>L.R. 26-1(b) – Motion Schedule</u>. The cutoff date for all dispositive or partially dispositive motions is set out in the proposed schedule, attached as Exhibit A.

        i. <u>YETI's Position</u>:  YETI contemplates that it may bring a motion for summary judgment, or, in the alternative a motion for partial summary judgment pursuant to FRCP Rule 56 with regard to some or all of its affirmative claims.

        ii. <u>99's Position</u>: 99 contemplates that it may bring a motion for summary judgment, or, in the alternative a motion for partial summary judgment pursuant to FRCP Rule 56 with regard to some or all of YETI's claims or 99's affirmative defenses.

    c. <u>L.R. 26-1(c) – ADR Selection</u>. Pursuant to Local Court Rules L.R. 26-1(c) and L.R. 16-15.4, the parties select ADR Procedure No. 3 (participation in a private dispute resolution proceeding).

    d. <u>L. R. 26-1(d) – Trial Estimate</u>. See Exhibit A.

    e. <u>L.R. 26-1(e) – Additional Parties</u>.

        i. <u>YETI's Position</u>: Depending on what information is learned, discovered or developed about Defendants' organization and who within or outside Defendants' organization participated in the wrongful conduct asserted in the Complaint, Plaintiff may seek to add additional entities or individuals as defendants.

        ii. <u>99's Position</u>: 99 does not anticipate adding any additional parties. However, depending on what information is learned, discovered or developed about Plaintiff's organization and who within or outside Plaintiff's organization is or was involved in the matter described in the Complaint, 99 reserves the right to seek to add additional parties.

f. <u>L.R. 26-1(f) – Expert Witnesses</u>.  The proposed timing of disclosures under F.R.Civ.P. 26(a)(2) is set out in the proposed schedule, attached as Exhibit A.

**6.     Consent to Electronic Service**

The Parties consent pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) that the Parties may serve any document—including, for example, discovery requests, discovery responses, and expert and other disclosures—on the other party by electronic means, including, but not limited to, e-mail, FTP sites, or secure file-sharing services.  The Parties agree that service on any Party by email shall be made on:

- YETI through its Banner & Witcoff, Ltd. counsel of record
- 99 through its Knobbe Martens counsel of record

Dated: August 22, 2018

Respectfully Submitted,

| **BANNER & WITCOFF, LTD** | **KNOBBE, MARTENS, OLSON & BEAR, LLP** |
|---|---|
| By: /s/ Kimberly S. Devine<br>Kimberly S. Devine | By: /s/ Boris Zelkind (with permission)<br>Boris Zelkind |
| Attorney for Plaintiff,<br>YETI COOLERS, LLC | Attorney for Defendant,<br>99 CENTS ONLY STORES LLC |