Jason De Bretteville (SBN 195069)
    jdebretteville@sycr.com
Salil Bali (SBN 263001)
    sbali@sycr.com
STRADLING YOCCA CARLSON &
RAUTH, P.C.
600 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Telephone: (949) 725-4094
Facsimile: (949) 823-5094

Joseph J. Berghammer (*pro hac vice*)
    jberghammer@bannerwitcoff.com
J. Pieter van Es (State Bar No. 250524)
    pvanes@bannerwitcoff.com
Kimberly S. Devine (*pro hac vice*)
    kdevine@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 South Wacker Drive, Suite 3600
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

Attorneys for Plaintiff
YETI COOLERS, LLC

Boris Zelkind (SBN 214014)
    BZelkind@duanemorris.com
DUANE MORRIS LLP
750 B Street, Suite 2900
San Diego, CA 92101
Telephone 619-744-2200
Fax 619-744-2201

Meghan C. Killian (SBN 310195)
    MCKillian@duanemorris.com
DUANE MORRIS LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105
Telephone 415-957-3000
Fax 415-957-3001

Attorneys for Defendant
99 CENTS ONLY STORES LLC

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YETI Coolers, LLC, a Delaware limited liability company | Case No. 2:18-CV-04846-RGK-JPR |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | Jury Trial Demanded |
| 99 Cents Only Stores LLC, a California limited liability company | |
| Defendant. | |

# **PROTECTIVE ORDER**

WHEREAS YETI Coolers, LLC on the one hand, and 99 Cents Only Stores, LLC on the other hand, believe that certain information will be encompassed by the discovery demands of the parties that will involve the production or disclosure of trade secrets or other non-public and confidential technical, commercial, financial, and business information;

WHEREAS, the parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the parties and ORDERED that:

## **I.    GOOD CAUSE STATEMENT**

In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties believe they are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. The parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

## **II.    DESIGNATION OF CONFIDENTIAL MATERIALS**

A.    This Protective Order applies to and governs any information, documents, and things produced or provided by a party or non-party that the disclosing party designates under this Protective Order, including without limitation production documents, electronically stored information ("ESI"), things, answers to interrogatories, responses to requests for admissions, and depositions.

B.     Any party to this action or any non-party providing information or discovery in this action ("designating party") shall have the right to designate as "Confidential Information" any information, document, or thing which it is disclosing and which it believes in good faith constitutes, contains, embodies, or reflects non-public and confidential technical, commercial, financial, or business information, or other valuable information covered by a legitimate privacy right or interest.

C.     A designating party shall also have the right to designate as "Confidential Attorneys Eyes Only Information" any information, document, or thing which it is disclosing and which it believes in good faith constitutes, contains, embodies, or reflects trade secrets or other especially sensitive information where there is a significant risk of competitive disadvantage or harm if disclosed to another party without restriction upon use or further disclosure, or that affords the producing party an actual or potential economic advantage over others, which may include, but is not limited to, product sales, product volume, pricing, revenue, profit, costs, margins, customer lists, currently implemented or not yet implemented marketing plans and analyses, and research and development information and plans for products not yet released to the marketplace.

D.     Copies or excerpts of information contained within, or summaries, notes or charts containing any information from, a document or thing designated as "Confidential Information" or "Confidential Attorneys Eyes Only Information" shall also be treated respectively as "Confidential Information" or "Confidential Attorneys Eyes Only Information."

"Confidential Information" and "Confidential Attorneys Eyes Only Information" shall not include any information, document or thing which:

(i)     at the time of the disclosure hereunder is available to the public; or

(ii)     after disclosure hereunder becomes available to the public through no act, or failure to act, by the receiving party; or

STIPULATED PROTECTIVE ORDER                    18-CV-04846

(iii)    the receiving party can show: (a) was already known to the receiving party; (b) was independently developed by the receiving party; or (c) was received by the receiving party, after the time of disclosure hereunder, from a non-party having the right to make such a disclosure.

E.    Documents and things, or portions thereof, and discovery responses, or portions thereof, that the designating party in good faith believes contain "Confidential Information" or "Confidential Attorneys Eyes Only Information" may be designated by affixing an appropriate legend. Such designations shall be made at the time when the discovery response is served, or when the document or thing, or copy thereof, is provided to the receiving party. All documents, or any portion thereof, made available for inspection (but not yet formally produced to the inspecting party) shall be presumptively deemed to contain "Confidential Attorneys Eyes Only Information" subject to the provisions of this Protective Order, regardless of whether so identified, until copies thereof are formally produced to the inspecting party. Any information, document, or thing that bears both designations must be treated as "Confidential Attorneys Eyes Only Information."

F.    Deposition transcripts, or portions thereof, may be designated as "Confidential Information" or "Confidential Attorneys Eyes Only Information" by any party to this action, or by the deponent, either (a) on the record during the deposition, or (b) by written notice to all counsel of record within fourteen days after the party wishing to make the designation receives the transcript. Pending the expiration of said fourteen days, all parties and persons shall presumptively treat the deposition transcript as "Confidential Attorneys Eyes Only Information." If no portions of the transcript are designated as "Confidential Information" or "Confidential Attorneys Eyes Only Information" by any party to this action or by the deponent during said deposition or within said fourteen days, the transcript shall be considered not to contain any "Confidential Information" or "Confidential Attorneys

STIPULATED PROTECTIVE ORDER                    18-CV-04846

Eyes Only Information." Counsel for each party to this action shall be responsible for marking any designated portions of copies of the transcript in their possession with a confidentiality legend if written notice is provided within said fourteen days. With regard to testimony designated during a deposition as "Confidential Information" or "Confidential Attorneys Eyes Only Information" under this Protective Order, the designating party shall have the right to exclude from the deposition, or any portion thereof, prior to the taking of the designated testimony, all persons except: the deponent and its outside counsel, outside counsel of record for named parties, the court reporter, and such other persons who are bound by this Protective Order and are authorized to have access to such information.

      G.    If inspection, measuring, testing, sampling, recording or photographing of a party's or non-party's processes, products, equipment, premises or other property pursuant to the applicable rules of discovery, or by agreement, will reveal or disclose "Confidential Information" or "Confidential Attorneys Eyes Only Information," the producing party shall advise the party or parties seeking the discovery in advance that the inspection, measuring, testing, sampling, recording, or photographing will be permitted only on a confidential basis and that material discovered and the information derived from that material shall be treated as "Confidential Information" or "Confidential Attorneys Eyes Only Information" subject to the terms of this Protective Order. If photographing, recording or taping of premises, products, equipment, processes, or other property is made which the producing entity has advised in advance reveals "Confidential Information" or "Confidential Attorneys Eyes Only Information," pictures, media, or tapes shall bear the applicable legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL ATTORNEYS EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER" on the photograph, media, or videotape itself, and on any exterior packaging of the same.

# III.  RESTRICTION ON DISCLOSURE OF DESIGNATED MATERIALS

A.  No information, documents or things identified as "Confidential Information" or "Confidential Attorneys Eyes Only Information" under paragraph II shall be disclosed to any person or entity except as set forth in this Protective Order Nothing contained in this Protective Order shall affect the right of the designating party to disclose or use for any purpose the information, documents, or things produced and/or designated by it under the Protective Order.

B.  Subject to paragraphs III(D) and III(E), and any further Order of the Court, information, documents, and things designated as "Confidential Information" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i)  outside counsel for each party to this action, including the law firms, their partners, shareholders, and associates who are working on this action on behalf of any party, and the paralegals, assistants, and stenographic and clerical employees working under the direct supervision of such attorneys;

(ii)  independent experts and consultants, and employees and assistants under the control of such experts or consultants, who are expressly retained or sought to be retained by any attorney described in paragraph III(B)(i) to assist in the preparation or trial of this action or to consult on this case, with disclosure only to the extent necessary to perform such work. Independent experts or consultants, as used in this paragraph, shall not include any employee or agent of the receiving party, nor any employee or agent of a direct competitor of the designating party. "Confidential Information" shall not be disclosed to any independent expert or consultant until that person has executed a written declaration in the form attached hereto as Exhibit A. However, no information, documents or things designated as "Confidential Information" shall be disclosed to any independent experts or consultants until at least two weeks

have lapsed following written notice via email to the designating party of the first expected disclosure to the proposed experts or consultants. A fully executed copy of Exhibit A completed by the proposed expert or consultant and a current and complete curriculum vitae shall be included with said written notice. If the designating party makes a written objection and the parties cannot resolve the issue, the objecting party shall have two weeks from the original written notice of the proposed expert or consultant to seek an appropriate order from the Court prohibiting disclosure of the "Confidential Information" to the proposed expert or consultant.  If the objecting party's request for such a court order is filed on an expedited basis, i.e., requesting a shortened briefing schedule and the request can be heard within two weeks of the filing of the request, then no disclosure of the designating party's "Confidential Information" shall be made to the proposed expert or consultant before the objection can be heard.  If the objecting party does not seek an appropriate Court order within two weeks of the original written notice, the objection will be deemed withdrawn;

   (iii) court reporters performing services in connection with this action;

   (iv) the Court or its staff in connection with the Court's administration and adjudication of this action;

   (v) outside vendors who perform litigation services including, but not limited to, computer database preparation, document coding, image scanning, photocopying, mock trial, jury profiling, translation, or exhibit preparation in connection with this action, but only for so long as necessary to perform those services;

   (vi) any other individuals who are mutually agreed upon in writing by the parties to this action (as provided for in paragraph III(E) below), or who are approved by the Court upon motion by any party to this action;

(vii)   Bryan Barksdale and John Hernandez (in-house attorneys for YETI Coolers, LLC), and Mary Kasper (in-house attorney for 99 Cents Only Stores LLC); and

(viii)  up to three employees of each side whom outside counsel deems it necessary for the party employee(s) to review the information, document(s), or thing(s) in order for the employee(s) to assist outside counsel in this action, provided that no access shall be given until each such individual has executed a written Undertaking in the form attached hereto as Exhibit A. No information, documents, or things designated as Confidential Information shall be disclosed to any such individual until at least one week has elapsed following written notice via email to the designating party of the first expected disclosure to each such individual. A fully executed copy of Exhibit A completed by the individual shall be included with said written notice. If the designating party makes a written objection within the one week period, no disclosure of the designating party's Confidential Information may be made until the objection has been resolved. If the parties cannot resolve the issue, the party seeking disclosure may seek an appropriate order from the Court compelling disclosure of the Confidential Information.

C.    Subject to paragraphs III(D) and III(E), and any further Order of the Court, information, documents, and things designated as "Confidential Attorneys Eyes Only Information" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of those persons or entities referred to above in paragraphs III(B)(i)-(vi), "Confidential Attorneys Eyes Only Information" shall not be provided, shown, made available, or communicated in any way to any person referred to in paragraph III(B)(vii)-(viii), above.

D.    The designation of any document or thing as "Confidential Information" or "Confidential Attorneys Eyes Only Information" shall not preclude any party from

showing the document or thing to any person: (a) who appears as an author or as an addressee on the face of the document and is not otherwise shown prior to such disclosure not to have received the document; (b) who admits to or has been identified by the designating party as having been provided with the document or thing or with the information therein; (c) who participated in any meeting or communication to which the document or thing pertains; (d) who is a director, officer or employee of the designating party; or (e) who has been identified by the designating party as a Fed. R. Civ. P. 30(b)(6) witness for subject matter that pertains to said document or thing.

E.     Prior to any disclosure of information, documents, or things designated as "Confidential Information" or "Confidential Attorneys Eyes Only Information" to person(s) as provided for in paragraph III(B)(vi) above, counsel desiring to make such a disclosure shall provide written notice via email to counsel for the designating party of its intent to make the disclosure, stating therein the specific information, documents or things to be disclosed at least one week before any "Confidential Information" or "Confidential Attorneys Eyes Only Information" is made available to such person(s). "Confidential Information" and "Confidential Attorneys Eyes Only Information" shall not be disclosed to any such person(s) until such person(s) has executed a written declaration in the form attached hereto as Exhibit A. A fully executed copy of Exhibit A completed by the individual and an explanation of the background of the person(s) and the intended purpose for the disclosure to the person(s) sufficient to allow the designating party to determine whether such disclosure might cause injury to the designating party shall be included with said written notice. If the designating party makes a written objection to the disclosure to such person(s) within the one week period, no disclosure of the designating party's "Confidential Information" or "Confidential Attorneys Eyes Only Information" may be made to the person(s) until the objection has been resolved. If the parties cannot resolve the issue, the party seeking disclosure may seek an appropriate order from the Court compelling

STIPULATED PROTECTIVE ORDER                    18-CV-04846

disclosure of the "Confidential Information" or "Confidential Attorneys Eyes Only Information" to such person(s).

F.     In the event that any "Confidential Information" or "Confidential Attorneys Eyes Only Information" is used in any discovery-related court proceeding or deposition in connection with this litigation, it shall not lose its status as "Confidential Information" or "Confidential Attorneys Eyes Only Information" through such use, provided that the parties to this action take steps reasonably calculated to protect its confidentiality during such use.

## IV.     FILING DESIGNATED MATERIALS

If it is necessary to file documents or things containing "Confidential Information" or "Confidential Attorney Eyes Only Information" with the Court, such documents or things shall be filed under seal pursuant to Local Rule 79-5.

## V.     CANCELLATION OF DESIGNATION

The receiving party may request the designating party to redesignate "Confidential Information" or "Confidential Attorneys Eyes Only Information." Such request shall be by written notice to counsel for the designating party. The written notice shall particularly identify the material or information designated "Confidential Information" or "Confidential Attorneys Eyes Only Information" that the receiving party seeks to have undesignated. If the dispute cannot be resolved within one week, the receiving party may initiate the dispute resolution process under Local Rule 37. Pending the Court's determination of any dispute contesting a designation of "Confidential Information" or "Confidential Attorneys Eyes Only Information," the material shall be deemed "Confidential Information" or "Confidential Attorneys Eyes Only Information" as designated.

## VI.     NOTICE

All notices required by this Protective Order are to be served by email. The date by which a party to this action receiving a notice shall respond, or otherwise take

STIPULATED PROTECTIVE ORDER                    18-CV-04846

action, shall be computed from the date the email was sent. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the designating party.

## VII.    DISPOSITION OF DESIGNATED MATERIALS AT END OF THE CASE

A.    Termination of proceedings shall not relieve any person from the obligations of this Protective Order, unless the Court orders otherwise.

B.    With respect to any documents or things that have been filed with the Court under seal, upon termination of this action, the parties recognize that the ultimate disposition of any such documents or things, including all copies or summaries of, or excerpts from, such documents which may have been made, shall be as directed by the Court. The parties shall not oppose efforts to show good cause to maintain such materials and documents as sealed or to remove such materials and documents from the Court record.

C.    Except as described below, within sixty days after the final adjudication of this case including appeals, or resolution through settlement, unless otherwise agreed to in writing by an attorney of record for the designating party, each party to this action shall either (a) assemble and return all information, documents and things designated as "Confidential Information" or "Confidential Attorneys Eyes Only Information," including all copies, summaries, excerpts, charts or notes thereof, to the party or person from whom the "Confidential Information" or "Confidential Attorneys Eyes Only Information" was obtained; or (b) certify in writing that all such information and material has been destroyed. Outside counsel for the parties to this action may retain copies of court filings, written discovery responses such as Objections and Responses to Interrogatories and Objections and Responses to Requests for Production, deposition and hearing transcripts, and documents provided by the parties pursuant to the Court's scheduling orders containing "Confidential

STIPULATED PROTECTIVE ORDER                    18-CV-04846

Information" or "Confidential Attorneys Eyes Only Information," provided that all such documents will be held for their internal use only, subject to the continuing obligations imposed by this Protective Order. These exceptions are not designed to capture a party's document production. A party need not destroy or discard documents which it marked as containing "Confidential Information" or "Confidential Attorneys Eyes Only Information." A party to this action which has disclosed "Confidential Information" or "Confidential Attorneys Eyes Only Information" to those persons or entities identified in paragraphs III(B)(i)-(viii) and III(E) is responsible for either (a) obtaining all documents or things containing "Confidential Information" or "Confidential Attorneys Eyes Only Information," including all copies, summaries, excerpts, charts, or notes thereof, from those persons or entities, and for disposing of those documents or things in a manner provided for in this paragraph; or (b) obtaining written certification from those persons or entities that all such information and material has been destroyed.  This requirement does not apply to documents maintained by the Court.

## VIII.    AMENDMENTS AND EXCEPTIONS BY ORDER OF THE COURT

This Protective Order may be changed by further order of the Court, and is without prejudice to the rights of any party to this action, or any non-party subject to discovery in this action, or any party or individual who agrees to be bound by the terms of this Protective Order, to move for relief from any of its provisions, or different or additional protection for any particular information, documents or things.

## IX.    RESTRICTION ON USE OF DESIGNATED MATERIALS

"Confidential Information" and "Confidential Attorneys Eyes Only Information" shall be held in confidence by each person or entity to whom it is disclosed, shall not be disclosed to any person or entity who is not entitled to receive such information under this Protective Order, and shall be used by the recipient only for purposes of preparation and trial of this action and no other purpose, , except that

the parties in the above-captioned matter may use any "Confidential Information" and "Confidential Attorneys Eyes Only Information" produced or provided in this action in the pending matter captioned *YETI Coolers, LLC v. 99 Cents Only Stores Texas, Inc. et al*, Case No. 1:18-cv-00799-RP (W.D. TX), subject to the protective order in that matter. All "Confidential Information" and "Confidential Attorneys Eyes Only Information" shall be carefully maintained so as to preclude access by persons or entities who are not entitled to receive such information.

## X.    OTHER PROCEEDINGS

By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion, discovery request, or subpoena to disclose another party's information designated pursuant to this Protective Order shall promptly notify that party of the motion, discovery request, or subpoena (unless prohibited from doing so by law) so that the party may have an opportunity to appear and be heard on whether that information should be disclosed. If the designating party objects to the disclosure, the receiving party shall withhold production or disclosure of such protected information to the fullest extent permitted by law until any dispute relating to the production or disclosure of such protected information is resolved.  If a receiving party has timely notified a producing party of a motion, discovery request, or subpoena as provided in this paragraph, the receiving party's obligation to withhold production or disclosure does not include an obligation to affirmatively seek relief from a court or take other affirmative steps to protect the designated material.  Notwithstanding any provision in this Protective Order, any person or party subject to an order of any court to disclose another party's information designated pursuant to this Protective Order may comply with said court order.

# XI. PRODUCTION OF MATERIALS PROTECTED FROM DISCLOSURE

A.    The production of privileged or work-product protected documents, electronically stored information or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

B.    Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

C.    If a receiving party discovers that discovery may have been inadvertently or otherwise unintentionally produced, it shall notify the producing party in writing as soon as reasonably practicable after learning of the inadvertent disclosure. If a party inadvertently or otherwise produces or provides discovery which it believes is subject to a claim of an applicable privilege, the producing party may give written notice to the receiving party or parties that the information or material is subject to a claim of privilege and request that the information or material be returned to the producing party. If a party or non-party requests the return, pursuant to this paragraph, of any discovery, the receiving party(ies) shall not use or disclose, and shall immediately return to the producing party all copies of such information or material or confirm that all copies of such information or material have been destroyed. Return of the information or material by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned information or material is, in fact, properly subject to a claim of privilege nor shall it foreclose any party from moving the court for an order that such information or material has been improperly designated for reasons other than a waiver caused by the inadvertent production.

## XII.   GENERAL PROVISIONS

A.    The designation of information, documents, or things as "Confidential Information" or "Confidential Attorneys Eyes Only Information" pursuant to this Protective Order shall not be construed as a concession that such information is relevant or material to any issues or is otherwise discoverable or admissible. Nor shall the inspection or receipt by a party to this action of information, documents, or things designated as "Confidential Information" or "Confidential Attorneys Eyes Only Information" hereunder constitute a concession that the information, documents, or things are confidential.

B.    Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice with respect to this action and, in the course thereof, from generally referring to or relying upon the attorney's examination or receipt of "Confidential Information" or "Confidential Attorneys Eyes Only Information." In rendering such advice or in otherwise communicating, the attorney shall not disclose the specific content of any information, document, or thing identified as "Confidential Information" or "Confidential Attorneys Eyes Only Information" by a designating party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

C.    The inadvertent or unintentional disclosure by a party or non-party of information, documents, or things which it believes should have been designated as "Confidential Information" or "Confidential Attorneys Eyes Only Information," regardless of whether the information, documents, or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the party's or non-party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a party or non-party inadvertently or unintentionally produces or provides discovery of any "Confidential Information" or "Confidential Attorneys Eyes Only Information"

without designating it as such, the party or non-party may give written notice to the receiving party(ies) that the information or material is "Confidential Information" or "Confidential Attorneys Eyes Only Information" and should be treated in accordance with the provisions of this Protective Order. The receiving party(ies) must treat such information or material as "Confidential Information" or "Confidential Attorneys Eyes Only Information" as notified from the date such notice is received. Disclosure of such information or material, prior to receipt of such notice, to persons not authorized to receive "Confidential Information" or "Confidential Attorneys Eyes Only Information" shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is "Confidential Information" or "Confidential Attorneys Eyes Only Information" and must be treated in accordance with this Protective Order.

D.    This Protective Order shall survive the final adjudication of this litigation (including any appellate proceedings), with the Court retaining jurisdiction to enforce the provisions thereof, to the extent information or material so designated remains "Confidential Information" or "Confidential Attorneys Eyes Only Information" as defined in paragraph II above.

SIGNATURES ON FOLLOWING PAGE

* * *

STIPULATED PROTECTIVE ORDER                    18-CV-04846

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  Nov. 29, 2018

BANNER & WITCOFF, LTD

By:  _____/s/_____

Attorneys for Plaintiff
YETI COOLERS, LLC

DATED: Nov. 28, 2018

DUANE MORRIS LLP

By:  _____/s/_____

Attorneys for Defendant
99 CENTS ONLY STORES, LLC

IT IS SO ORDERED:

Entered this 7th day of December, 2018.

_____

Magistrate Judge Jean P. Rosenbluth

# EXHIBIT A

STIPULATED PROTECTIVE ORDER                    18-CV-04846

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YETI Coolers, LLC, a Delaware limited liability company**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**99 Cents Only Stores LLC, a California limited liability company**<br><br>**Defendant.** | Case No. 2:18-CV-04846-RGK-JPR<br><br>Jury Trial Demanded |

## UNDERTAKING

I, _____, declare as follows:

1.    My business address is _____

_____.

2.    My present employer and the address of my present employer (if

different from above) is _____

_____.

3.    My present occupation or job description is _____.

My job title is _____.

4.    I have received a copy of the Protective Order in this action.

5.    I have carefully read and understand the provisions of the Protective

Order.

6.    I agree to be bound by the terms of the Protective Order.

7.    I will hold in confidence, will not disclose to anyone not qualified under

the Protective Order, and will use only for the purposes of this action,

any "Confidential Information" and/or "Confidential Attorneys Eyes Only Information" that is disclosed to me.

8. I will return to outside counsel for the party by whom I am employed or retained all "Confidential Information" and/or "Confidential Attorneys Eyes Only Information" that comes into my possession, and documents or things which I have prepared relating thereto. Alternatively, I will provide to outside counsel for the party by whom I am employed or retained a written certification that all such information and documents or things have been destroyed.

9. I hereby submit myself to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____     Signed:_____

18-CV-04846